United States District Court
Southern District of Texas
FILED

FEB 18 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY A. CANALES, AND<br>RACHEL E. CANALES | § § § | CIVIL ACTION NO. C-00-012 |
| | § | Removed from the 229th Judicial District |
| Plaintiffs | § § | Court. Duval County, Texas |
| VS. | § § | |
| KOCH PIPELINE COMPANY, L.P.,<br>KOCH PETROLEUM GROUP, L.P.,<br>KOCH GATHERING SYSTEMS, INC.,<br>AFC LEASE SERVICE, INC.,<br>ALLEN YEATS, HECTOR S. LOPEZ,<br>AND GLORIA LOPEZ | § § § § § § | |
| Defendants | § § | |

## **PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT**

1. Plaintiffs allege:

### JURISDICTION

2. Plaintiffs dispute that this Court has removal jurisdiction over this lawsuit removed from state court.

### NATURE OF THE ACTION

3. This is a civil action seeking damages against defendants for injury to real property located in Duval County, Texas. Plaintiffs dispute that Defendant Koch Industries, Inc., or any of their affiliated or subsidiary entities or their contractor, AFC Lease Services, Inc., had right or authority to enter Plaintiffs' property. Plaintiffs also dispute that Defendant Hector S. Lopez had right or authority to allow any party on the land or bind Plaintiffs to any agreement with any third-party. Plaintiffs seek to recover damages against for any and all physical damage

1

to their property occasioned by these Defendants' wrongful conduct.

## VENUE

3.  Plaintiffs contest federal court jurisdiction and, consequently, dispute that venue is proper in the United States District Court for the Southern District of Texas, Corpus Christi Division pursuant to 28 U.S.C. § 1391(b) on the basis that all of the events and omissions giving rise to the claims asserted herein occurred in this District and Division.

## PARTIES

4.  Plaintiff TERRY A. CANALES is a resident of Jim Wells County, Texas.

5.  Plaintiff RACHEL E. CANALES is a resident of Jim Wells County, Texas.

6.  Defendant KOCH INDUSTRIES, INC. ("Koch") is a Delaware Corporation having a principal place of business in Wichita, Kansas, among other locations. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time.

7.  Defendant KOCH PETROLEUM GROUP, L.P., (originally sued as Koch Petroleum Group) ("KPG") is a Delaware limited partnership having a principal place of business in Wichita, Kansas, among other locations. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time.

8.  Defendant KOCH PIPELINE COMPANY, L.P. ("Koch Pipeline") is a limited partnership organized under the laws of the State of Delaware and having its principal place of business in the State of Texas. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time.

9. Defendant HECTOR S. LOPEZ is a resident of Jim Wells County, Texas. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time.

10. Defendant GLORIA LOPEZ is a resident of Jim Wells County, Texas. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time

11. Defendant AFC LEASE ERVICE, INC. ("AFC") is a Texas corporation having its principal place of business in Sinton, Texas. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time.

12. Defendant ALLEN YEATS ("Yeats") is an individual who is a Texas resident. This Defendant has entered a general appearance and filed responsive pleadings herein. No additional service of process is necessary at this time.

## RELEVANT FACTS

**A.    Plaintiffs and Defendant Lopez are Tenants in Common of the Subject Property.**

13. Plaintiff Rachel E. Canales owns an undivided one-half interest in approximately three thousand two acres of land located in Duval County, Texas, which is situated approximately (8) eight miles north of the City of Benevides, Texas (the "Property").

14. Plaintiff Terry A. Canales, the husband of Plaintiff Rachel E. Canales, has a community property interest in Plaintiff Rachel E. Canales' interest in the Property.

15. Defendant Hector S. Lopez also owns an undivided one-half interest in the Property.

3

16. Plaintiff Rachel E. Canales and Defendant Hectors S. Lopez are tenants in common of the Property.

17. Defendant Gloria Lopez is the wife of Defendant Hector S. Lopez and is believed to have a community property interest in the Property and, as such, is a necessary and indispensable party to this action.

**B.  Koch Pipeline Company Purportedly Owned Operated Pipeline Crossing the Property.**

18. Plaintiffs incorporate the foregoing paragraphs by reference.

19. On or about August 28, 1931, Humble Oil Company obtained an easement to lay and maintain a pipeline across a portion of the Property.

20. That pipeline system and easement was in time acquired by Exxon Pipeline Company ("Exxon").

21. Plaintiffs are informed and believe, and on such information and belief, allege that, over time, Exxon abandoned their use of the pipeline and easement crossing a portion of the Property.

22. Plaintiffs contend that said disuse and abandonment was sufficient to effectuate abandonment and relinquishment of any all rights Exxon may have had in said pipeline and easement.

23. On or about January 1. 1995, Koch Gathering Systems, Inc. purportedly acquired through conveyance whatever rights Exxon may have had in said pipeline and easement crossing the Property.

24. Plaintiffs contend that, by virtue of the disuse and abandonment of Exxon described herein, Koch Gathering Systems, Inc. acquired no rights greater than Exxon

4

purportedly conveyed.

25.     Also in August 1995, Koch Pipeline Company, L.P. purportedly assumed or acquired the assets of Koch Gathering Systems, Inc., including the alleged easement and alleged ownership of the pipeline crossing the Property.

**C.      Koch Pipeline Company Does Work on the Pipeline and Easement Crossing the Property Beginning in April 1997.**

26.     On or about the early part of 1997, Koch Pipeline Company, L.P. ("Koch Pipeline") formulated plans to remove and replace on of the pipeline crossing the Property.

27.     Koch Pipeline instructed its right-of-way agents, including but not limited to Alfred Duane Daniels, to make contact with property owners to inform them of Koch Pipeline's activities and to negotiate and settle surface damages with those landowners.

28.     Mr. Daniels, a Koch Pipeline right-of-way agent, contacted Defendant Hectors S. Lopez regarding crossing the Property and paying surface damages.

29.     Defendant Hector S. Lopez did not contact or inform his cotenant, Plaintiff Rachel E. Canales, of Koch Pipelines' proposals or communications to him.

30.     Plaintiffs are informed and believe, and on such information and belief allege, that Defendant Hector S. Lopez represented himself to be the manager and/or general partner of Plaintiff Rachel E. Canales' interest in the Property and as having appropriate authority to negotiate and communicate on her behalf vis-à-vis Koch Pipeline.

31.     After this original communication by Koch Pipeline to Defendant Hector S. Lopez, this Defendant failed to maintain reasonable communications with Koch Pipeline regarding their proposed work, failed to demand and verify proof that Koch Pipeline had a valid right and title to cross the Property, and failed to demand adequate assurance from Koch Pipeline

to prevent injury to the Property, among other omissions.

32. On or abut April 21, 1997, Koch Pipeline sent to Defendant Hector S. Lopez a check for damages to all owners in the Property and a general release.

33. Plaintiffs have never been paid any damages by Koch Pipeline or Defendant Hector S. Lopez.

### D. Koch Pipeline Company, L.P. Hired AFC Lease Service, Inc. and Allen Yeats for the Pipeline Removal and Replacement Contract.

34. Koch Pipeline hired AFC Lease Service, Inc. ("AFC"), a company maintaining its principal place of business in Sinton, Texas, to remove one of the pipes located in the alleged easement and to construct a replacement pipeline through the alleged easement across the Property.

35. Defendant Yeats owns and operates AFC and is responsible for the supervision, direction and control of AFC in all manners relevant hereto.

36. The pipeline removed by AFC was wrapped and coated in asbestos and contained residual amounts of petroleum hydrocarbons within its interior.

37. In the process of removing the pipeline described herein and installing a new pipeline in its place across the Property, AFC caused significant surface damage to the Property along the alleged easement, which Koch Pipeline and AFC have failed to repair, ameliorate or clean-up.

38. In addition, AFC, through its employees and agents, generated a significant amount of waste and construction spoil along the alleged easement which Koch Pipeline and AFC have failed to repair, ameliorate or clean-up.

39. Plaintiffs are informed and believe, and on the basis of such information and belief, allege that, in the removal process of the pipeline described herein, AFC and Koch Pipeline caused, through negligence and/or indifference, asbestos coating and petroleum hydrocarbons to contaminate the Property, which Plaintiffs allege has created an environmental hazard that is expanding and continues to damage the Property.

## CAUSES OF ACTION

### A. Claims Against Defendant Hector S. Lopez and Defendant Gloria Lopez.

40. Plaintiffs incorporate the foregoing paragraphs by reference.

41. As a tenant in common with Plaintiff Rachel E. Canales, Defendant Hector S. Canales owed Plaintiffs a duty not to act in a manner with respect to the Property that was detrimental to Plaintiffs' ownership and enjoyment of the Property.

42. Defendant Hector S. Lopez violated this duty by engaging the conduct enumerated below:

   a. Hector S. Lopez falsely represented to Al Daniels and potentially other Koch Pipeline Company representatives that he was the general manager of the Property;

   b. Hector S. Lopez falsely represented to Al Daniels and potentially other Koch Pipeline Company representatives that he had authority to act on behalf of Plaintiffs' interest in the Property and negotiate on their behalf;

   c. Hector S. Lopez failed to timely notify Plaintiffs that Koch Pipeline was asserting an easement across the Property, and if said alleged easement is proven invalid or abandoned, this failure to notify has deprived Plaintiffs' of their rightful opportunity to protect their interest in the Property;

   d. Hector S. Lopez failed to adequately communicate with Koch Pipeline and demand proof or adequate assurance as to the validity of the alleged easement, again, if the alleged easement is proven invalid, has permanently deprives Plaintiffs' of their rightful opportunity to protect the Property from trespass and contamination;

7

 e. Hector S. Lopez, by failing to communicate and inform Plaintiffs as described herein, allowed Koch Pipeline to formulate and pay damages to him, on behalf of all landowners, in a manner that would not adequately protect Plaintiffs' interest in the Property or reasonably compensate Plaintiffs for damages to the Property;

 f. To the extent Hector S. Lopez had any authority to negotiate or act on behalf of Plaintiff, which Plaintiffs deny, and to the extent that Koch Pipeline had a valid easement across the Property, which Plaintiffs deny, Hector S. Lopez failed to negotiate, secure, or obtain an adequate settlement for damages to the Property caused by Koch Pipeline or AFC; and

 g. Hector S. Lopez, through his inaction and failure to communicate with Plaintiffs, effectively allowed Koch Pipeline and AFC to come onto the Property and perform hazardous work without demanding adequate assurances and precautions against the damages and contamination that ultimately resulted as the result of said work by Koch Pipeline and AFC.

### First Cause of Action: Waste

43. Plaintiffs incorporate the foregoing paragraphs by reference.

44. Because Defendant Hector S. Lopez failed to properly protect the Property as described herein, among other ways, Defendant Hector S. Lopez committed an act of waste as to the common Property, which has proximately caused damages to Plaintiffs.

### Second Cause of Action: Conversion

45. Plaintiffs incorporate the foregoing paragraphs by reference.

46. Because Defendant Hector S. Lopez failed to properly protect the Property as described herein, among other ways, Defendant Hector S. Lopez effectively converted common property to his exclusive use and enjoyment, which proximately caused damages to Plaintiffs.

### Third Cause of Action: Constructive Trust and Accounting

47. Plaintiffs incorporate the foregoing paragraphs by reference.

48. In addition, to the extent that Defendant Hector S. Lopez has been paid settlement

8

damages by Koch Pipeline and to the extent he has retained any damage payments, in which Plaintiffs have an interest, he has failed to account for any of those Proceeds to Plaintiff, which has proximately caused damages to Plaintiffs.

### Fourth Cause of Action: Declaratory Judgment

49. Plaintiffs incorporate the foregoing paragraphs by reference.

50. A justifiable controversy has arisen between the parties.

51. To the extent that Defendant Koch Industries, Inc. or any related entities rely on the authority that Defendant Hector S. Lopez represented that he has to deal for and act on behalf of other land owners, Plaintiffs seek a declaration that:

   a. Hector S. Lopez had no authority to act or negotiate on any owner's behalf other than his own; and

   b. To the extent that Hector S. Lopez effectuated a settlement with Koch Pipeline for surface damages, that settlement is void based on this failure to obtain the consent of Plaintiff.

### Fifth Cause of Action: Negligence

52. Plaintiffs incorporate the foregoing paragraphs by reference.

53. By engaging in the conduct described herein, Plaintiff breached his common-law duties to act a reasonable and prudent cotenant, which proximately caused damages to Plaintiff. Said conduct is actionable negligence.

### Sixth Cause of Action: Fraud

54. Plaintiffs incorporate the foregoing paragraphs by reference.

55. Defendant Hector S. Lopez, as a cotenant, clearly had a duty under law to communicate with Plaintiffs regarding any contact, proposals, or work ordered or proposed by Koch Pipeline or AFC.

9

56. Subsequent to the work initial phase of work commenced by AFC and Koch Pipeline, Defendant Hectors S. Lopez specifically and expressly represented Plaintiffs that he did not know what AFC and Koch Pipeline had done on the property, that he did not tell any third-parties that he had authority to negotiate on Plaintiffs' behalf, and that he did not settle any claims on behalf of other landowners.

57. Plaintiffs are informed and believe, and on such information and belief allege, that these statements by Defendant Hector S. Lopez were false when made, that this defendant failed to disclose other material facts regarding his communications with AFC and Koch Pipeline, and the direct and proximate result of said conduct, Plaintiffs were damaged .

**B.    Claims Against Koch, KPG and Koch Pipeline.**

### First Cause of Action: Trespass

58. Plaintiffs incorporate the foregoing paragraphs by reference.

59. Plaintiffs contend that Defendant Koch, and its affiliated entities and agents, including but not limited to KPG and Koch Pipeline (collectively referred to herein as the "Koch Defendants") did not have legal right or authority to come onto the Property and engage in any of them activities described herein, which proximately caused damages to Plaintiff. Said conduct is actionable as negligence.

### Second Cause of Action: Negligence

60. Plaintiffs incorporate the foregoing paragraphs by reference.

61. Plaintiffs contend that the Koch Defendants, in the process of engaging in the activities described herein came onto Plaintiffs' land and caused serious and grave injuries to the Property as more fully described herein, proximately causing damages to Plaintiffs.

62. Plaintiffs would show that, in addition to the surface damage described herein, the Koch Defendants caused to be released onto the Property hazardous and dangerous contaminants, including but not limited to asbestos and petroleum hydrocarbons.

63. Said contamination has created a serious environmental hazard and Plaintiffs are informed and believe, and on the basis of such information belied, allege that said contamination is getting progressively worse, expanding, and constitutes a continuing tort against Plaintiffs' interests in the Property.

C.  **Claims Against AFC and Yeats.**

### First Cause of Action: Trespass

64. Plaintiffs incorporate the foregoing paragraphs by reference.

65. Plaintiffs contend that Defendants AFC and Yeats did not have legal right or authority to come onto the Property and engage in any of the activities described herein, which proximately caused damages to Plaintiff. Said conduct is actionable as negligence.

66. Plaintiffs further content that, to the extent an valid easement existed on the Property, which Plaintiffs dispute and deny, these defendants exceeded the scope and limits of any such alleged easement and destroyed and damages the Property.

### Second Cause of Action: Negligence

67. Plaintiffs incorporate the foregoing paragraphs by reference.

68. Plaintiffs contend that Defendants AFC and Yeats, in the process of engaging in the activities described herein came onto Plaintiffs' land and caused serious and grave injuries to the Property as more fully described herein, proximately causing damages to Plaintiffs.

69. Plaintiffs would show that, in addition to the surface damage described herein,

these defendants, through their negligence, caused to be released onto the Property hazardous and dangerous contaminants, including but not limited to asbestos and petroleum hydrocarbons.

70. Said contamination has created a serious environmental hazard and Plaintiffs are informed and believe, and on the basis of such information belied, allege that said contamination is getting progressively worse, expanding, and constitutes a continuing tort against Plaintiffs' interests in the Property.

### Third Cause of Action: Breach of Contract

71. Plaintiffs incorporate the foregoing paragraphs by reference.

72. As described herein, Defendants AFC and Yeats, on the one hand, had a contract with Koch Pipeline, on the other hand, to do the pipeline work in the Property as more specifically described herein.

73. Plaintiffs were specific and intended beneficiaries of said contract and are entitled to enforce, as intended beneficiaries, the terms of that contract against Defendants AFC and Yeats.

74. Defendants AFC and Yeats failed to perform said contract in a good and workmanlike manner and breached said contract by, among other things, causing contaminates, including but not limited to asbestos and petroleum hydrocarbons, to contaminate the Property in the process of removing and installing the pipeline, as more fully described herein, and by failing to properly and adequately clean-up construction spoil and adequately repair the Property following the pipeline work described herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays that after due proceedings, there be judgment in their behalf and against all defendants, jointly and severally and *in solido*, as follows:

a.  Actual damages in the amount determined by the trier of fact;

b.  Punitive Damages in the amount determined by the trier of fact;

c.  That Plaintiffs be awarded reasonable attorneys' fees and all of the costs of these proceedings;

d.  Pre-judgment and post-judgment interest;

e.  That this matter be tried by a jury; and

f.  All other and further relief that this Court deems just and equitable.

Respectfully submitted,

By: _____
Christopher A. Bandas
State Bar No. 00787637
Southern District Bar No. 17509
4825 Everhart Road
Corpus Christi, Texas 78411
(361) 857-2727 Telephone
(361) 857-8783 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

13

OF COUNSEL:

THE WYATT LAW FIRM, Ltd.

    Christopher A. Bandas
    State Bar No. 00787637
    Southern District Bar No. 17509
    Paula A. Wyatt
    State Bar No. 10541400
    Southern District Bar No. 19223
    4825 Everhart Road
    Corpus Christi, Texas 78411
    (361) 857-2727 Telephone
    (361) 857-8783 Facsimile

LEMON & GONZALEZ-LEMON, L.L.P.

    John C. Lemon
    State Bar No. 00789449
    Southern District Bar No. 19019
    520 East Second Street
    Alice, Texas 78332
    (361) 664-0011 Telephone
    (361) 664-0013 Facsimile

**ASSOCIATE COUNSEL FOR PLAINTIFFS**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

_____
Christopher A. Bandas

14

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on the 16th day of February 2000, a complete and correct copy of the foregoing instrument was served on each party by delivery to the following counsel of record by the method indicate below:

Mr. Travis A. Pearson
Koch Industries, Inc.
P.O. Box 2256
Wichita, Kansas 67201
**Via CMRRR Z 306 344 616**

COUNSEL FOR DEFENDANT KOCH INDUSTRIES, INC.

Mr. Gene R. Ward
Hornblower, Manning & Ward
P.O. Box 2728
Corpus Christi, Texas 78403-2728
**Via CMRRR Z 306 344 618**

LOCAL COUNSEL FOR DEFENDANT KOCH INDUSTRIES, INC.

Mr. Ronald A. Simank
Schauer, Simank & Ledbetter, P.C.
615 N. Upper Broadway, Suite 2000
MSC 159
Corpus Christi, Texas 78477
**Via CMRRR Z 306 344 602**

COUNSEL FOR DEFENDANT HECTOR S. LOPEZ

Mr. David Walsh
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404
**Via CMRRR  Z 306 344 619**

COUNSEL FOR DEFENDANTS AFC LEASE SERVICE, INC. AND ALLEN YEATS

Christopher A. Bandas