United States District Court
Southern District of Texas
FILED

FEB 24 2000

MICHAEL N. MILBY, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RACHEL E. CANALES, AND<br>TERRY A. CANALES<br><br>    Plaintiffs<br><br>VS.<br><br>KOCH INDUSTRIES, INC., AND<br>HECTOR S. LOPEZ<br><br>    Defendants | § § § § § § § § § § § § | CIVIL ACTION NO. C-99-228 |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY A. CANALES, AND<br>RACHEL E. CANALES<br><br>    Plaintiffs<br><br>VS.<br><br>KOCH PIPELINE COMPANY, L.P.,<br>KOCH PETROLEUM GROUP, KOCH<br>GATHERING SYSTEMS, INC., AFC<br>LEASE SERVICE, INC., ALLEN YEATS,<br>HECTOR S. LOPEZ, AND GLORIA<br>LOPEZ<br><br>    Defendants | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. C-00-012 |

**PLAINTIFFS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, JOIN ADDITIONAL PARTIES
<u>AND BRIEF IN SUPPORT</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE HAYDEN W. HEAD, JR.:

COMES NOW RACHEL CANALES AND TERRY A. CANALES, Plaintiffs in the

above-numbered and styled causes, and files this their motion to consolidate, or, in the

alternative, join additional parties, and brief in support. In support hereof Plaintiffs would respectfully show the following:

## I.

## PRELIMINARY STATEMENT

1. There are two lawsuits pending in this Court involving the same factual subject matter between common parties, both of which were removed from the 229th Judicial District Court, Duval County, Texas.

2. Because these two lawsuits involve common issues of fact and common issues of law between many of the same parties, Plaintiffs move that this Court consolidate these two causes in order to avoid multiplicity of litigation and promote judicial economy.

3. In the alternative, Plaintiffs pray that this Court grant leave to join additional parties. Namely, Plaintiffs move for leave to join as defendants in the First Federal Lawsuit those defendants in the Second Federal Lawsuit who are not already parties to the former action (Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc., AFC Lease Service, Inc. and Allen Yeats) on the basis these are necessary and indispensable parties.

## II.

## RELEVANT PROCEDURAL BACKGROUND

A. **Plaintiffs Filed Two Lawsuits in State Court, Both of which were Removed.**

4. Plaintiff Rachel E. Canales filed Cause No. DC-99-104; *Rachel E. Canales v. Koch Industries and Hector S. Lopez*; In the 229th Judicial District Court, Duval County, Texas on or about April 14, 1999 (the "First State Court Lawsuit"). Defendant Koch Industries, Inc. removed this lawsuit on or about June 18, 1999, which is now pending before this Court as Civil Action No. C-99-228; *Terry A. Canales and Rachel E. Canales v. Koch Industries, Inc. and*

*Hector S. Lopez*; In the United States District Court for the Southern District of Texas, Corpus Christi Division (the "First Federal Lawsuit").

5. Plaintiffs Terry A. Canales and Rachel E. Canales filed Cause No. DC-99-465; *Terry A. Canales and Rachel E. Canales v. Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc., AFC Lease Service, Inc., Allen Yeats, Hectors S. Lopez, and Gloria Lopez*; In the 229th Judicial District Court, Duval County, Texas on or about December 9, 1999 (the "Second State Court Lawsuit"). Defendants Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc. removed this lawsuit on or about January 11, 2000, which is now pending before this Court as Civil Action No. C-00-012; *Terry A. Canales and Rachel E. Canales v. Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc., AFC Lease Service, Inc., Allen Yeats, Hectors S. Lopez, and Gloria Lopez*; In the United States District Court for the Southern District of Texas, Corpus Christi Division (the "Second Federal Lawsuit").

**B.     Both Lawsuits Arise from the Same Underlying Set of Facts.**

4. Plaintiff Rachel E. Canales owns an undivided one-half interest in approximately three thousand two acres of land located in Duval County, Texas, which is situated approximately (8) eight miles north of the City of Benevides, Texas (the "Property").

5. Plaintiff Terry A. Canales, the husband of Plaintiff Rachel E. Canales, has a community property interest in Plaintiff Rachel E. Canales' interest in the Property.

6. Defendant Hector S. Lopez also owns an undivided one-half interest in the Property.

7. Plaintiff Rachel E. Canales and Defendant Hectors S. Lopez are tenants in common of the Property.

3

8. On or about August 28, 1931, Humble Oil Company obtained an easement to lay and maintain a pipeline across a portion of the Property.

9. That pipeline system and easement was in time acquired by Exxon Pipeline Company ("Exxon").

10. Plaintiffs are informed and believe, and on such information and belief, allege that, over time, Exxon abandoned their use of the pipeline and easement crossing a portion of the Property.

11. Plaintiffs contend that said disuse and abandonment was sufficient to effectuate an abandonment and relinquishment of any all rights Exxon may have had in said pipeline and easement.

12. On or about January 1. 1995, Koch Gathering Systems, Inc. purportedly acquired through conveyance whatever rights Exxon may have had in said pipeline and easement crossing the Property.

13. Plaintiffs contend that, by virtue of the disuse and abandonment of Exxon described herein, Koch Gathering Systems, Inc. acquired no rights greater than Exxon purportedly conveyed.

14. Also in August 1995, Koch Pipeline Company, L.P. ("Koch Pipeline") purportedly assumed or acquired the assets of Koch Gathering Systems, Inc., including the alleged easement and alleged ownership of the pipeline crossing the Property.

15. On or about the early part of 1997, Koch Pipeline formulated plans to remove and replace one of the pipelines crossing the Property.

4

ClibPDF - www.fastio.com

16. Koch Pipeline instructed its right-of-way agents, including but not limited to Alfred Duane Daniels, to make contact with property owners to inform them of Koch Pipeline's activities and to negotiate and settle surface damages with those landowners.

17. Mr. Daniels, a Koch Pipeline right-of-way agent, contacted Defendant Hectors S. Lopez regarding crossing the Property and paying surface damages.

18. Defendant Hector S. Lopez did not contact or inform his cotenant, Plaintiff Rachel E. Canales, of Koch Pipelines' proposals or communications to him.

19. Plaintiffs are informed and believe, and on such information and belief allege, that Defendant Hector S. Lopez represented himself to be the manager and/or general partner of Plaintiff Rachel E. Canales' interest in the Property and as having appropriate authority to negotiate and communicate on their behalf vis-à-vis Koch Pipeline.

20. After this original communication by Koch Pipeline to Defendant Hector S. Lopez, Mr. Lopez failed to maintain reasonable communications with Koch Pipeline regarding their proposed work, failed to demand and verify proof that Koch Pipeline had a valid right and title to cross the Property, and failed to demand adequate assurance from Koch Pipeline to prevent injury to the Property, among other omissions.

21. On or abut April 21, 1997, Koch Pipeline sent to Defendant Hector S. Lopez a check for damages to all owners in the Property and a general release.

22. Plaintiffs have never been paid any damages by Koch Pipeline or Defendant Hector S. Lopez.

23. Koch Pipeline hired AFC Lease Service, Inc. ("AFC"), a company maintaining its principal place of business in Sinton, Texas, to remove one of the pipes located in the alleged

5

easement and to construct a replacement pipeline through the alleged easement across the Property.

24. The pipeline removed by AFC was wrapped and coated in asbestos and contained residual amounts of petroleum hydrocarbons within its interior.

25. In the process of removing the pipeline described herein and installing a new pipeline in its place across the Property, AFC caused significant surface damage to the Property along the alleged easement, which Koch Pipeline and AFC have failed to repair, ameliorate or clean-up.

26. In addition, AFC, through its employees and agents, generated a significant amount of waste and construction spoil along the alleged easement which Koch Pipeline and AFC have failed to repair, ameliorate or clean-up.

27. The removal process of the pipeline described herein, AFC and Koch Pipeline caused, through negligence and/or indifference, asbestos coating and petroleum hydrocarbons to contaminate the Property, which Plaintiffs allege has created an environmental hazard that is expanding and continues to damage the Property.

28. The First Federal Lawsuit and the Second Federal Lawsuit each seek to adjudicate responsibility for damages to Plaintiffs' interest in the Property amongst the Defendants indicated.

### III.

### ARGUMENTS AND AUTHORITIES

A.   **The Two Federal Lawsuits Before this Court Should be Consolidated.**

   (1)   **Applicable Law.**

29. FED. R. CIV. P. 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all of the action consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

30. The purpose of consolidation is obviously to enhance the efficiency of the trial court (*i.e.*, to avoid unnecessary duplication of evidence and procedures); and to avoid the substantial danger of inconsistent adjudications (*i.e.*, different results because tried before different juries, or a judge and jury). *E.E.O.C. v. HBE Corp.,* 135 F.3d 654, 551 (8th Cir. 1998).

(2)     **The Two Lawsuits Involve Common Questions of Law and Fact.**

31. Plaintiffs incorporate by reference paragraphs 4 through 28 above by reference, as if fully set forth below.

32. Clearly, the First State Court Lawsuit and the First Federal Lawsuit, on the one hand, and the Second State Court Lawsuit and the Second Federal Lawsuit, on the other hand, involve common questions of fact and law, including but not limited to the following:

   a.   Whether Koch Pipeline Company, L.P., or any of its affiliated entities, including but not limited to Koch Industries, Inc., Koch Petroleum Group, L.P., and Koch Gathering Systems, Inc. (collectively referred to herein as the "Koch Defendants") have a valid or enforceable easement on the Property (mixed question of law and fact);

   b.   Whether the Koch Defendants trespassed on the Property (mixed question of law and fact);

   c.   Whether the Koch Defendants caused damage to the Property through any negligence arising from, among other conduct, the improper release, remediation or handling of hazardous substances, including petroleum hydrocarbons and asbestos (question of fact);

   d.   Whether Defendant Hector S. Lopez breached common law duties to Plaintiffs by, among other things, misrepresenting his authority to the Koch Defendants to speak and negotiate on behalf of Plaintiffs (question of fact);

  e. Whether Defendant Hector S. Lopez breached common law duties to Plaintiffs by, among other things, failing to take reasonable and appropriate steps to protect the Plaintiffs' interest in the Property as tenants in common (question of fact);

  f. Whether Plaintiffs are intended and specific beneficiaries of the pipeline services agreement between Koch Pipeline Company, L.P., on the one hand, and AFC, on the other hand (mixed question of law and fact);

  g. Whether AFC breached any duties under the pipeline services agreement owed to Plaintiffs as intended beneficiaries (question of fact);

  h. Whether AFC caused damage to the Property through any negligence arising from, among other conduct, the improper release, remediation or handling of hazardous substances, including petroleum hydrocarbons and asbestos (question of fact); and

  i. The damages to the Property and Plaintiffs' interest in the Property resulting from the various conduct of the various defendants.

33. As reflected in the amended original complaints in both lawsuits, the foregoing issues of fact and law will have to be litigated in each lawsuit. To promote judicial economy and avoid duplicative litigation, Plaintiffs move that the First Federal Lawsuit and Second Federal Lawsuit be consolidated for all purposes.

**B. In the Alternative, Plaintiffs Should be Granted Leave to Join Necessary and Indispensable Parties.**

 **(1) Applicable Law.**

34. FED. R. CIV. P. 19(a) requires that all parties be joined in an action whose interests are so directly involved that their presence is needed for just adjudication, if their joinder is feasible. Feasiblity of joinder is not an issue in this case.

35. The primary purpose of Rule 19(a) is to assure that any judgment rendered will provide complete relief to the existing parties and prevent repeated lawsuits on the same subject matter. *Smith v. United Brotherhood of Carpenters*, 685 F.2d 164 (6th Cir. 1982).

8

36. Compulsory joinder is indicated in one of two circumstances: (1) where the court cannot grant complete relief to the existing parties; *or* (2) where any judgment rendered may (a) as a practical matter prejudice the absent parties' ability to protect their interests in later litigation, or (b) leave an existing party exposed to a substantial risk of additional liability or inconsistent obligations. FED. R. CIV. P. 19(a); *and Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110-111 (1968). These two grounds are analyzed separately: *i.e.*, if either applies the nonparty is deemed necessary. *Yellowstone County v. Pease*, 96 F.3d 1169, 1172 (9th Cir. 1996).

37. Under the first ground, the effect that the action may have on the absent party is immaterial. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 405 (3d Cir. 1994). Rather, the court will look at whether it can provide meaningful relief in the absence of the party to be joined. *See, e.g., National Wildlife Federation v. Espy*, 45 F.3d 1337, 1344-1345 (9th Cir. 1995)(finding that in lawsuit against government official stemming from officials' failure to reserve easements for protection of wetlands in property transfer to private citizens, the private citizens with an ownership interest in the property were indispensable parties); and *Harrell & Sumner Contracting Co., Inc. v. Peabody Peterson*, 546 F.2d 1127, 1229 (5th Cir. 1977)(holding that joint obligees are indispensable parties in an action to enforce an obligation).

38. The second ground for joinder is potential prejudice to the interests of the parties—both existing parties and those sought to be joined. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1310-1311 (5th Cir. 1986). The Fifth Circuit has indicated that the prejudicial effect of nonjoinder need not be absolute to a legal degree (*e.g., res judicata* or collateral estoppel), it need only be that the first action may detrimentally affect the nonparties' rights. *Haas v. Jefferson Nat'l Bank*, 442 F.2d 394 (5th Cir. 1971).

9

39. Plaintiffs would show that joinder of the parties identified herein is compulsory because, in their absence, this Court cannot grant complete relief to Plaintiffs and, as a practical matter, Plaintiffs' interests, as well as those of the absent parties would be prejudiced without their joinder.

### (2) The Koch Defendants in the Second Federal Lawsuit and AFC Are Necessary and Indispensable Parties to the First Federal Lawsuit.

40  Plaintiffs seek to join the following parties as defendants in the First Federal Lawsuit: (a) Koch Pipeline Company, L.P.; (b) Koch Petroleum Group, L.P.; (c) Koch Gathering Systems, Inc.; (d) AFC Lease Service, Inc.; and (e) Allen Yeats.

#### (a) Why the Koch Defendants Are Necessary and Indispensable.

41. Discovery done since these lawsuits were filed indicate that Koch Pipeline Company, L.P. claims to be the owner of the easement and pipeline system that crosses the Property.

42. Apparently, Koch Pipeline Company, L.P. was also responsible for operating, maintaining, and supervising work on the pipeline project made the subject matter of these lawsuits.

43. Clearly, Koch Pipeline Company, L.P., as the alleged owner of the pipeline and easement, must be joined in the First Federal Lawsuit, which seeks to adjudicate whether this company, or any other affiliated entity, had a valid easement and right to come onto the Property.

44. Without the joinder of the putative owner of the alleged easement and pipeline, in addition to any affiliated entities claiming to have an interest in said easement and pipeline, Plaintiffs could not obtain complete relief from this Court.

45. Clearly, Plaintiffs' lawsuit to dispute the validity of an easement on real property would have to include the entity that most directly claimed an interest in the easement and

pipeline, which, by virtue of recent deposition testimony from various defendants, appears to be Koch Pipeline Company, L.P.

46. Similarly, as a practical matter, Plaintiffs' and Defendants' interests would be prejudiced in the absence of Koch Pipeline Company, L.P and any other affiliated entities claiming or potentially having an interest in the easement and the pipeline.

47. For example, Plaintiffs would be seriously prejudiced if they were forced to fully litigate the First Federal Lawsuit without the party that now appears to be the alleged owner of the alleged easement and pipeline at issue. Without that party, which is believed to be Koch Pipeline Company, L.P., Plaintiffs may be precluded by *res judicata* or collateral estoppel from bringing an action against this company in a later suit to determine ownership rights in the easement.

### (b) Why AFC and Yeats Are Necessary and Indispensable Parties.

48. As indicated herein and in Plaintiffs' latest amended complaints in both lawsuits, Plaintiffs contend that AFC, owned and operated by Yeats, contaminated the Property and caused additional surface damages to the Property in connection with the pipeline project made the subject matter of this lawsuit.

49. In addition, Plaintiffs contend that they are intended and specific beneficiaries of the pipeline removal and construction contract between Koch Pipeline Company, L.P., on the one hand, and AFC and Yeats, on the other hand. To be sure, Thomas J. DeDonder, a Koch Pipeline Company, L.P. employee who was presented as a Rule 30(b)(6) corporate representative at his deposition, testified that Plaintiffs were in fact intended beneficiaries of the referenced contract (Deposition of Thomas J. DeDonder dated February 4, 2000 at page 100, Ex. 1 hereto).

11

50. AFC's and Yeat's work on the pipeline and their liability for environmental contamination and their liability for failing to perform their contract in a good and workmanlike manner are part and parcel of the "transaction" or events made the basis of these lawsuits.

51. As with the Koch defendants, Plaintiffs contend that this Court could not grant Plaintiffs complete relief without the joinder of these parties. Moreover, one of the principal issues in this case is what damages to the Property AFC and Yeats caused through their negligence, trespass and breach of contract that was separate and apart from damages caused by the other defendants.

## IV.

## **CONCLUSION**

52. Because the First Federal Lawsuit and the Second Federal Lawsuit involve common questions of fact and law between many of the same parties, or their affiliates and agents, these two cases should be consolidated for all purposes. Consolidation would avoid waste of judicial resources and duplication of efforts in addition to avoiding the risk of inconsistent results between the lawsuits.

53. In the alternative, Plaintiffs would ask that this Court grant them leave to join in the First Federal Lawsuit the additional necessary and indispensable parties identified herein. Without their joinder, Plaintiffs submit that this Court could not grant the Plaintiffs full relief. Moreover, their absence would seriously jeopardize the rights of other parties to the action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Terry A. Canales and Rachel E. Canales pray that this Court consolidate the causes of action identified herein, or, in the alternative, join additional parties, and that this Court grants them whatever additional equitable relief to which they may be entitled.

Respectfully submitted,

By: _____
Christopher A. Bandas
State Bar No. 00787637
Southern District Bar No. 17509-
4825 Everhart Road
Corpus Christi, Texas 78411
(361) 857-2727 Telephone
(361) 857-8783 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

THE WYATT LAW FIRM, P.C.

    Christopher A. Bandas
    State Bar No. 00787637
    Southern District Bar No. 17509
    Paula A. Wyatt
    State Bar No. 10541400
    Southern District Bar No. 19223
    4825 Everhart Road
    Corpus Christi, Texas 78411
    (361) 857-2727 Telephone
    (361) 857-8783 Facsimile

LEMON & GONZALEZ-LEMON, L.L.P.

    John C. Lemon
    State Bar No. 00789449
    Southern District Bar No. 19019
    520 East Second Street
    Alice, Texas 78332
    (361) 664-0011 Telephone
    (361) 664-0013 Facsimile

**ASSOCIATE COUNSEL FOR PLAINTIFFS**

13

## CERTIFICATE OF CONFERENCE

The undersigned counsel for movant hereby avers that he has conferred with counsel for respondent and that counsel cannot agree about the disposition of the motion. This motion is opposed.

_____
Christopher A. Bandas

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 18th day of February 2000, a complete and correct copy of the foregoing instrument was served on each party by delivery to the following counsel of record by the method indicate below:

Mr. Travis A. Pearson
Koch Industries, Inc.
P.O. Box 2256
Wichita, Kansas 67201
**Via CMRRR  Z 262 348 045**

COUNSEL FOR DEFENDANT KOCH INDUSTRIES, INC.

Mr. Gene R. Ward
Hornblower, Manning & Ward
P.O. Box 2728
Corpus Christi, Texas 78403-2728
**Via CMRRR Z 262 348 046**

LOCAL COUNSEL FOR DEFENDANT KOCH INDUSTRIES, INC.

Mr. Ronald A. Simank
Schauer, Simank & Ledbetter, P.C.
615 N. Upper Broadway, Suite 2000
MSC 159
Corpus Christi, Texas 78477
**Via CMRRR  Z 262 348 041**

COUNSEL FOR DEFENDANT HECTOR S. LOPEZ

Mr. David Walsh
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404
**Via CMRRR  Z 262 348 043**

COUNSEL FOR DEFENDANTS AFC LEASE SERVICE, INC. AND
ALLEN YEATS

_____
Christopher A. Bandas

15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RACHEL E. CANALES, AND<br>TERRY A. CANALES | § § § | CIVIL ACTION NO. C-99-228 |
| Plaintiffs | § § | |
| VS. | § § § | |
| KOCH INDUSTRIES, INC., AND<br>HECTOR S. LOPEZ | § § § | |
| Defendants | § § | |

## ORDER GRANTING PLAINTIFFS' MOTION TO CONSOLIDATE

On this day came to be considered Plaintiffs' motion to consolidate, and the Court, after having considered the Motion, finds that said motion is well taken, and should in all things be GRANTED.

IT IS THEREFORE, ORDERED, that Plaintiffs motion to consolidate is in all things GRANTED. It is further,

ORDERED, that the Court finds that following issues of fact and law are common to Civil Action No. C-99-228; *Terry A. Canales and Rachel E. Canales v. Koch Industries, Inc. and Hector S. Lopez*; In the United States District Court for the Southern District of Texas, Corpus Christi Division and Court as Civil Action No. C-00-012; *Terry A. Canales and Rachel E. Canales v. Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc., AFC Lease Service, Inc., Allen Yeats, Hectors S. Lopez, and Gloria Lopez*; In the United States District Court for the Southern District of Texas, Corpus Christi Division:

    a. Whether Koch Pipeline Company, L.P., or any of its affiliated entities, including but not limited to Koch Industries, Inc., Koch Petroleum Group, L.P., and Koch Gathering Systems, Inc. (collectively referred

1

to herein as the "Koch Defendants") have a valid or enforceable pipeline easement on the Property (mixed question of law and fact);

b.  Whether the Koch Defendants trespass on the Property (mixed question of law and fact);

c.  Whether the Koch Defendants caused damage to the Property through any negligence arising from, among other conduct, the improper release, remediation or handling of hazardous substances, including petroleum hydrocarbons and asbestos (question of fact);

d.  Whether Defendant Hector S. Lopez breached common law duties to Plaintiffs by, among other things, misrepresenting his authority to the Koch Defendants to speak and negotiate on behalf of Plaintiffs (question of fact);

e.  Whether Defendant Hector S. Lopez breached common law duties to Plaintiffs by, among other things, failing to take reasonable and appropriate steps to protect the Plaintiffs' interest in the Property as tenants in common (question of fact);

f.  Whether Plaintiffs are intended and specific beneficiaries of the pipeline services agreement between Koch Pipeline Company, L.P., on the one hand, and AFC, on the other hand (mixed question of law and fact);

g.  Whether AFC breached any duties under the pipeline services agreement owed to Plaintiffs as intended beneficiaries (question of fact);

h.  Whether AFC caused damage to the Property through any negligence arising from, among other conduct, the improper release, remediation or handling of hazardous substances, including petroleum hydrocarbons and asbestos (question of fact); and

i.  The damages to the Property and Plaintiffs' interest in the Property resulting from the various conduct of the various defendants.

SIGNED this ___ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

2