UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 0 6 2000

MICHAEL N. MILBY, CLERK

| | | |
|---|---|---|
| TERRY A CANALES, et al | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. C-00-012 |
| | * | |
| KOCH PIPELINE COMPANY, et al | * | |

**OBJECTIONS TO PLAINTIFFS' MOTION TO REMAND AND
OBJECTIONS TO PLAINTIFFS' MOTION TO CONSOLIDATE
BY DEFENDANTS ALLEN YEATS AND AFC LEASE SERVICE, INC.**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Allen Yeats and AFC Lease Service, Inc., as two of the Defendants in the above entitled civil action, and files this their Objections to Plaintiffs' Motion to Remand and Objections to Plaintiffs' Motion to Consolidate, and would show unto the Court as follows:

I.

Allen Yeats and AFC Lease Service, Inc. is a fully disclosed agent of the Koch defendants with regard to the work AFC Lease Services performed on the Canales/Lopez property made the basis of this lawsuit.

II.

Allen Yeats and AFC Lease Service, Inc. contend that they are not a proper party to the instant lawsuit based upon the statute of limitations having expired as to these defendants. Allen Yeats and AFC Lease Service, Inc. were known to the Plaintiffs at the time the first lawsuit against Koch was filed. *See* Cause No. DC-99-104; *Rachel E. Canales v. Koch Industries* filed April 14, 1999. The Canales defendants knew of the work performed by Allen Yeats and AFC Lease Service, Inc. based upon the contact with the Canales' son, Mr. Y.O. Canales, who was another contractor on the same project working with the AFC Lease Service people.

14.

III.

At the time the first lawsuit was filed in April 1999, the two year statute of limitations had not yet run. However, by December 1999, the two year time frame had expired. The Plaintiffs having failed to sue Allen Yeats and AFC Lease Service, Inc. in April 1999, then they should be barred for waiting another eight (8) months and bringing suit against Allen Yeats and AFC Lease Service, Inc. after the statute of limitations had run.

IV.

Allen Yeats and AFC Lease Service, Inc. object to the Motion to Remand on the grounds that Allen Yeats and AFC Lease Service, Inc. are not necessary parties to either of these lawsuits. Allen Yeats and AFC Lease Service, Inc. object to the Motion to Remand because Plaintiffs' claims can be fully adjudicated without the presence of Allen Yeats and AFC Lease Service, Inc. Allen Yeats and AFC Lease Service, Inc. object to the Motion to Consolidate based upon the fact that consolidation would confuse the issue of when these Defendants were improperly sued and additionally on the ground that consolidation is not necessary. Allen Yeats and AFC Lease Service, Inc. objects to consolidation based upon the fact that jurisdictional discovery has occurred in the first lawsuit and Allen Yeats and AFC Lease Service, Inc. were not a party nor a participant to any of this discovery.

WHEREFORE, PREMISES CONSIDERED, Defendants Allen Yeats and AFC Lease Service, Inc. hereby objects to Plaintiffs' Motion to Remand and objects to Plaintiffs' Motion to

Consolidate and requests that each of these motions be denied, and for such other and further relief to which these Defendants are entitled.

                                               Respectfully submitted,

*/s/ David Walsh*

David Walsh
Federal ID #16319
State Bar #00786327
Attorney in Charge

ATTORNEY FOR DEFENDANTS
ALLEN YEATS AND
AFC LEASE SERVICE, INC.

OF COUNSEL:

BRIN & BRIN, P.C.
1202 Third Street
Corpus Christi, Texas 78404
361-881-9643
361-883-0506 (Fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was forwarded on the 6th day of March, 2000, via ~~U.S. Certified Mail, Return Receipt Requested~~ Facsimile to Mr. Christopher A. Bandas, Wyatt, Wyatt & Cowley, 4825 Everhart Road, Corpus Christi, Texas 78411, and all other parties of record by Regular Mail.

*/s/ David Walsh*

David Walsh

Page 3 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TERRY A CANALES, *et al* | * |
| | * |
| VS. | *   CIVIL ACTION NO. C-00-012 |
| | * |
| KOCH PIPELINE COMPANY, *et al* | * |

ORDER DENYING
PLAINTIFFS' MOTION TO REMAND

On this day came on to be considered Plaintiffs' Motion to Remand, and the Court, after considering the Motion and the objections to said motion, finds that said motion is not well taken, and should be in all things DENIED.

IT IS THEREFORE, ORDERED, that Plaintiffs' Motion to Remand is in all things DENIED.

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY A CANALES, *et al* | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. C-00-012 |
| | * | |
| KOCH PIPELINE COMPANY, *et al* | * | |

## ORDER DENYING
## PLAINTIFFS' MOTION TO CONSOLIDATE

On this day came on to be considered Plaintiffs' Motion to Consolidate, and the Court, after considering the Motion and the objections to said motion, finds that said motion is not well taken, and should be in all things DENIED.

IT IS THEREFORE, ORDERED, that Plaintiffs' Motion to Consolidate is in all things DENIED.

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE