IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY A. CANALES AND<br>RACHEL E. CANALES<br><br>    Plaintiffs<br><br>VS.<br><br>KOCH PIPELINE COMPANY, L.P.,<br>KOCH PETROLEUM GROUP, KOCH<br>GATHERING SYSTEMS, INC., AFC<br>LEASE SERVICE, INC., ALLEN YEATS,<br>HECTOR S. LOPEZ AND GLORIA<br>LOPEZ<br><br>    Defendants | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. C-00-012<br><br>United States District Court<br>Southern District of Texas<br>FILED<br><br>MAR 0 6 2000<br><br>Michael N. Milby, Clerk |

## JOINT REPORT OF MEETING OF COUNSEL
## AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

Terry A. Canales and Rachel E. Canales ("Canales"), Plaintiffs, Koch Pipeline Company, L.P., Koch Petroleum Group, Koch Gathering Systems, Inc. ("Koch"), AFC Lease Service, Inc., Allen Yeats, Hector S. Lopez and Gloria Lopez, Defendants, by and through their respective counsel of record, file the following Joint Report of Meeting of Counsel and Joint Discovery/Case Management Plan:

    1.    State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel, who attended for each party.

The parties hereto, by and through their attorneys of record, originally met in the related case styled Civil Action No. C-99-228; Rachel E. Canales v. Koch Industries, Inc. Communication was held on March 3, 2000 in Corpus Christi, Texas by circulating amongst counsel this revised joint report and plan, which was

15.

originally prepared in Civil Action No. C-99-228 and this joint report and plan is based on the one which was reached in Civil Action No. C 99-228.

Participating parties were Terry A. Canales and Rachel E. Canales, Plaintiffs by and through their counsel of record, Christopher A. Bandas of Wyatt, Wyatt & Cowley, and John Lemon of Lemon & Gonzalez, Koch Pipeline Company, L.P., Koch Petroleum Group, Koch Gathering Systems, Inc., Defendants, by and through their attorney, Travis A. Pearson and their local counsel, Gene R. Ward of Hornblower, Manning & Ward, P.C., Hector S. Lopez and Gloria Lopez, by and through their attorney, Ronald Simank of Schauer, Simank & Ledbetter, AFC Lease Service, Inc. and Allen Yeats, by and through their attorney, David Walsh of Brin & Brin, P.C.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

>   (a) Cause No. DC-99-104; Rachel E. Canales vs. Koch Industries, Inc. in the 229[th] Judicial District Court of Duval County, Texas;
>
>   (b) Cause No. DC-99-465; Terry A. Canales and Rachel Canales vs. Koch Pipeline Company, L.P., Koch Petroleum Group, Koch Gathering systems, Inc. AFC Lease Service, Inc., Allen Yeats, Hector S. Lopez and Gloria Lopez; and
>
>   (c) Civil Action No. C-99-228 in the United States District Court for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales vs. Koch Industries, Inc.

3. Briefly describe what this case is about.

Plaintiffs claim that they are joint owners of property upon which Defendants do not have a valid easement and which constitutes a cloud to their title, and that Defendants caused damages to their property from installation of a

pipeline on said easement and by breaching various common law duties and to Plaintiffs' as tenants in common.

4. Specify the allegation of federal jurisdiction.

**Removing Defendants Diversity of citizenship**

**Defendants and Lopez deny that there is federal jurisdiction.**

5. Name the parties who disagree and the reasons.

Plaintiffs and the Lopez defendants content that there is not complete diversity of citizenship in this case. The Lopez defendants and the AFC Lease Service, Inc. defendants are Texas residents. Plaintiffs further contend that Koch Pipeline Company, L.P. in actuality has its' principal place of business in Texas.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None anticipated by the parties.**

7. List anticipated interventions.

**None anticipated by the parties.**

8. Describe class-action issues.

**None.**

9. State whether each party represents that it has made the initial disclosures required by rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**The parties have made their initial disclosures and have agreed to supplement, as appropriate. Koch Defendants will complete their initial disclosures before March 16, 2000.**

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

- 3 -

All initial disclosures within sixty (60) days. Koch Defendants will complete their initial disclosures b y March 16, 2000.

B.  When and to whom the Plaintiffs anticipate they may send interrogatories.

Plaintiffs Terry A. Canales and Rachel E. Canales, will send written discovery to Koch, AFC Lease Service, Inc., Allen Yeats, Hector S. Lopez and Gloria Lopez, Defendant within thirty (30) days.

C.  When and to whom the Defendants anticipate they may send interrogatories.

Koch will send written discovery to Plaintiffs on or before April 15, 2000.

AFC Lease Service, Inc. will send written discovery to Plaintiffs on or before April 15, 2000.

Allen Yeats will send written discovery to Plaintiffs on or before April 15, 2000.

Hector S. Lopez and Gloria Lopez will send written discovery to Plaintiffs and other Co-Defendants by May 15, 2000.

D.  Of whom and by when the Plaintiffs anticipate taking oral depositions.

Plaintiffs will take the oral deposition of

    (1)    Allen Yeats and AFC Lease Service, Inc. within the next ninety (90) days;

    (2)    The Lopez defendants within the next ninety (90) days;

    (3)    Various representatives of the Koch defendants may be agreed upon in the next ninety (90) days.

E.  Of whom and by when the Defendants anticipate taking oral depositions.

Koch Defendants will take the oral deposition of

    (1)    Rachel E. Canales within the next one hundred and twenty (120) days;

- 4 -

 (2) The Honorable Terry A. Canales within the next one hundred and twenty (120) days;

 (3) Hector S. Lopez within the next one hundred and twenty (120) days;

 (4) Gloria Lopez within the next one hundred and twenty (120) days;

 (5) Each of Plaintiffs' designated experts within the next one hundred twenty (120) days.

AFC Lease Service, Inc. and Allen Yeats intend to take the oral deposition of

(1) Rachel E. Canales within the next one hundred and twenty (120) days;

(2) The Honorable Terry A. Canales within the next one hundred and twenty (120) days;

(3) Each of Plaintiffs' designated experts within the next one hundred and twenty (120) days;

(4) Y.O. Canales within the next one hundred and twenty (120) days; and

(5) Raymond Guzman within the next one hundred and twenty (120) days.

Defendants Hector S. Lopez and Gloria Lopez intend to take the oral depositions

 (1) Allen Yeats and AFC Lease Service, Inc. within the next one hundred twenty (120) days;

 (2) Various representatives of the Koch defendants may be agreed upon in the next one hundred twenty (120) days;

 (3) Each of Plaintiffs' designated experts within the next one hundred and twenty (120) days;

 (4) Rachel E. Canales within the next one hundred and twenty (120) days;

 (5) The Honorable Terry A. Canales within the next one hundred and twenty (120) days;

- 5 -

F.  When the Plaintiffs (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Canales will designate experts in accordance with the Court's Scheduling Order and reports as requested therein. However, the parties anticipate that they make agreements among themselves that may modify these dates and scheduling.

G.  List expert depositions that the Plaintiffs (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See rule 26(a)(2)(B) (expert report).

The parties have agreed to identify experts and produce their reports in accordance with the Court's Scheduling Order. Plaintiffs anticipate taking defense experts' depositions within forty-five (45) days of receiving defense expert reports.

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

The parties have agreed to identify experts and produce their reports in accordance with the Court's Scheduling Order. Lopez Defendants agree to designate its experts, produce their reports and make such experts available for deposition by August 31, 2000.

Koch Defendants, AFC Lease Service, Inc. and Allen Yeats agree to designate their experts and produce their reports and make such experts available for deposition thirty (30) days after Plaintiffs designate their experts and provides their reports.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**Not applicable.**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**The parties have taken depositions relating to jurisdiction in the related action in the United States District Court in and for the Southern District of Texas, Corpus Christi Division styled Civil Action No. 99-0228; Rachel E. Canales v. Koch Industries, Inc.**

13. State the date the planned discovery can reasonable be completed.

**Discovery will be completed by September 1, 2000.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties anticipate that there will not be serious settlement discussions until discovery is substantially complete.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**The parties have agreed to reasonable and prompt discovery to better evaluate liability and damages.**

16. From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Mediation (after discovery).**

- 7 -

17. Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**All parties do not consent.**

18. State whether a jury demand has been made and if it was made on time.

**Yes.**

19. Specify the number of hours it will take to present the evidence in this case.

**Sixty (60) to ninety (90) hours for Plaintiffs' evidence.**

**Twelve (12) to sixteen (16) hours for Koch Defendants' evidence.**

**Thirty (30) to sixty (60) hours for Lopez Defendants' evidence.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   1. Plaintiffs' Motions to Remand in this case and in Civil Action No. 99-228 in the United States District Court in and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc.;

   2. Plaintiffs' Motions to Consolidate in this case and in Civil Action No. 99-228 in the United States District Court in and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc.; and

   3. Defendants Lopez' Motions to Remand in this case and in Civil Action No. 99-228 in the United States District Court In and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc.

21. List other motions pending.

   1. Plaintiffs' Motions to Remand in this case and in Civil Action No. 99-228 in the United States District Court in and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc.;

   2. Plaintiffs' Motions to Consolidate in this case and in Civil

       Action No. 99-228 in the United States District Court in and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc.; and

3.      Defendants Lopez' Motions to Remand in this case and in Civil Action No. 99-228 in the United States District Court In and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc.

22.     Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

**None at this time.**

23.     Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

**The parties have agreed to file and supplement the discoveries filed in Civil Action No. 99-228 in the United States District Court In and for the Southern District of Texas, Corpus Christi Division styled Rachel E. Canales v. Koch Industries, Inc. Koch Defendants filed their Disclosre of Interested Parties on January 26, 2000. AFC Lease Service and Allen Yeats filed their Disclosure of Interested Parties on February 4, 2000.**

24.     List the names, bar numbers, addresses and telephone numbers of all counsel.

**ATTORNEY FOR PLAINTIFFS, TERRY A. CANALES AND RACHEL E. CANALES**
Ms. Paula Wyatt
Mr. Christopher A. Bandas
State Bar No. 00787637
Federal I.D. No. 17509
Wyatt, Wyatt, Cowley
4825 Everhart Road
Corpus Christi, TX   78411
Telephone:   (361) 857-2727
Telecopier:   (361) 857-8783


**ATTORNEYS FOR DEFENDANTS, KOCH PIPELINE COMPANY, L.P., KOCH PETROLEUM GROUP, L.P. AND KOCH GATHERING SYSTEMS, INC.**
Mr. Travis A. Pearson
Koch Industries, Inc.
Kansas Bar No. 16076
Attorney-in-Charge
P. O. Box 2256
Wichita, KS 67201-2256
Telephone:   (316) 828-8594
Telecopier:   (316) 828-4780
        and
Gene R. Ward
State Bar No. 20841500
Federal I.D. No. 7645
Lynette M. Frederick
State Bar No. 12909300
Federal I.D. No. 15439
Local Counsel
P. O. Box 2728
Corpus Christi, TX 78403-2728
Telephone:   (361) 888-8041
Telecopier:   (361) 888-8222

OF COUNSEL:
HORNBLOWER, MANNING & WARD
Professional Corporation

- 10 -

**ATTORNEY FOR DEFENDANTS, AFC LEASE SERVICE, INC. AND ALLEN YEATS**
Mr. David Walsh
State Bar No. 00786327
Federal I.D. # 16319
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, TX 78404
Telephone:     (361) 881-9643
Telecopier:    (361) 883-0506

**ATTORNEY FOR DEFENDANTS, HECTOR S. LOPEZ AND GLORIA LOPEZ**
Mr. Ronald A. Simank
State Bar No. 18359400
Schauer, Simank & Ledbetter, P.C.
615 N. Upper Broadway, Suite 2000
MSC 159
Corpus Christi, TX   78477
Telephone:    (361) 884-2800
Telecopier:   (361) 884-2822

Respectfully submitted by Plaintiffs and Defendants

**Wyatt, Wyatt & Cowley**

By *Gene Ward for C. Bandas with permission*

**Hornblower, Manning & Ward, P.C.**

By *Gene Ward for Travis Pearson with permission*

**Brin & Brin, P.C.**

By *Gene Ward for David Walsh with permission*

**Schauer, Simank & Ledbetter**

By *Gene Ward for Ron Simank with permission*