UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 4 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| TERRY A. CANALES AND | § | |
| RACHEL E. CANALES | § | |
| | § | |
| VS. | § | C.A. NO. C-00-012 |
| | § | |
| KOCH PIPELINE COMPANY, L.P., KOCH | § | |
| PETROLEUM GROUP, KOCH GATHERING | § | |
| SYSTEMS, INC., AFC LEASE SERVICE, | § | |
| INC., ALLEN YEATS, HECTOR S. LOPEZ | § | Removed from the 229th District Court |
| AND GLORIA LOPEZ | § | of Duval County, Texas |

**KOCH PIPELINE COMPANY, L.P., KOCH PETROLEUM GROUP, AND
KOCH GATHERING SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFFS'
FIRST AMENDED COMPLAINT AND FIRST AMENDED ANSWER**

Koch Pipeline Company, L.P., Koch Petroleum Group, and Koch Gathering Systems, Inc.

("Koch"), file this Motion to Dismiss Plaintiffs' First Amended Complaint filed on February 15,

2000, and say:

1.     The Amended Complaint fails to state a claim against Gloria Lopez and should be

dismissed under Rule 12(b)(6).

2.     The Amended Complaint fails to state a cognizable claim against Hector Lopez;

the "claims" are illusory and designed to defeat diversity jurisdiction; moreover, these illusory

claims are in fact not causes of action but potential defenses Koch might consider based on

hypothetical facts which have been conclusively proved false.  Consequently, the claims against

Hector Lopez should be dismissed pursuant to Rule 12(b)(6).

3.     Plaintiffs' allegations for fraud (paragraphs 54-57) should be dismissed because

Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 1
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Dismss-Amd-Ans wpd

17.

they are vague and general and thus fail to comply with Rule 9(b), Federal Rules of Civil Procedure.

4.      The Amended Complaint should be dismissed without prejudice in its entirety since it was filed without seeking leave of Court in violation of Rule 15(a), Federal Rules of Civil Procedure.

**I.**

## KOCH DEFENDANTS' FIRST AMENDED ORIGINAL ANSWER

Koch's First Amended Answer is filed subject to and without waiving the foregoing Motion to Dismiss.  Defendants answer the allegations in Plaintiffs' First Amended Original Complaint as follows (the subheadings refer to the subheadings in the Complaint):

1.      Paragraph 1 of Plaintiffs' First Amended Original Complaint requires no response.

### JURISDICTION

2.      Paragraph 2 of Plaintiffs' First Amended Original Complaint merely states plaintiffs' contentions regarding jurisdiction and requires no response other than that these defendants vigorously contend that this Honorable Court has jurisdiction.

### NATURE OF THE ACTION

3.      Paragraph 3 merely recites plaintiffs' "disputes" with Koch's contentions and therefore does not permit a specific reply, but in an abundance of caution Koch says of paragraph 3:

a.     The first paragraph is just a general description of the case and in that form does not permit an admission or denial

b.     Koch denies the second sentence and affirmatively states that Koch and its agents had a right to enter the property pursuant to valid easement rights.

c.     The contention in the third sentence is moot:  Lopez did not give Koch permission to enter the land or enter into an agreement regarding the property.  Consequently, Koch denies that Plaintiffs' contention is made with a good faith belief in its accuracy and asserts that it is made solely to defeat diversity.

d.     Koch denies the fourth sentence.

## VENUE

4.     Koch denies paragraph 4 (misnumbered as 3):  Koch asserts that venue and jurisdiction are proper in this Court.

## PARTIES

4a.     Koch admits the paragraph called "4" (i.e., that Terry Canales resides in Jim Wells County) (also misnumbered-it is the fifth paragraph; all later paragraphs are misnumbered, but Koch refers to the paragraph numbers Plaintiffs use in the Complaint).

5.     Paragraph 5 is admitted.

6.     Koch admits paragraph 6, except that Koch Industries, Inc.'s only "principal place of business"  is in Wichita Kansas.

---

Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 3
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Disms-Amd-Ans wpd

7.      Koch admits paragraph 7, except that Koch Petroleum Group, L.P.'s only principal place of business is in Wichita Kansas.

8.      Koch denies paragraph 8.

9.      Koch denies paragraph 9 insofar as it calls Hector Lopez a defendant, when in fact he is a plaintiff and is serving the role of defendant in cooperation with the other plaintiffs in order to try to remand the case to state court.

10.     Koch denies paragraph 10 insofar as it calls Gloria Lopez a defendant. No claims have been asserted against her; no allegations have been made against her; no theories of liability have been offered against her; nothing has been said anywhere or anytime suggesting that she is a defendant in this case.

11.     Koch admits paragraph 11 except to the extent the paragraph calls AFC a "defendant" since AFC was joined solely to defeat diversity and is thus not a proper party or defendant and should be dismissed.

12.     Koch admits paragraph 12 except to the extent the paragraph calls Yeats a "defendant" since he was joined in the suit solely to defeat diversity and is thus not a proper party or defendant and should be dismissed.

## RELEVANT FACTS

13.     Koch admits paragraph 13.

14.     Koch, despite the exercise of due diligence, does not have sufficient information to admit or deny paragraph 14.

15.     Koch admits paragraph 15.

---

CitiPDF - www.fesito.com

16.     Regarding paragraph 16, Koch has insufficient information despite due diligence to know the exact nature of the relationship between the Canales' and Lopez.

17.     With regard to paragraph 17, Koch has insufficient information to know the exact nature of Gloria Lopez's interest; but Koch denies that she is an indispensable party; Koch further denies that she is a proper party defendant.

## B.  Koch Pipeline Company ....

18.     Responding to paragraph 18, Koch incorporates its previous responses by reference.

19.     Koch admits paragraph 19.

20.     Koch admits paragraph 20.

21.     Koch denies paragraph 21.

22.     Koch denies paragraph 22.

23.     Koch denies paragraph 23 as it uses the term "purportedly"; in fact, Koch properly acquired the easement rights in question.

24.     Koch denies paragraph 24.

25.     Koch denies paragraph 25 as it uses the term "purportedly"; in fact, Koch Pipeline Company L.P. properly acquired the easement and the pipelines in question.

## C.  Koch Pipeline Company Does Work ....

26.     Paragraph 26 is incomplete and vague and Koch objects to it on that basis; because it is so vague and incomplete, Koch cannot answer except to admit that it planned to remove and replace the pipeline.

27.     Koch admits paragraph 27.

28.      Koch admits paragraph 28.

29.     Koch denies paragraph 29.

30.     Paragraph 30 is too vague to permit a more specific response other than to say

that:

      a.      Koch does not know what is the nature of plaintiffs' "information and

           belief" and therefore cannot admit or deny same.

      b.      Koch admits that Lopez told Daniels that he had authority to deal with

           Koch regarding the property.

      c.      To the extent the allegations in paragraph 30 were not specifically

           admitted, they are denied.

31.     Paragraph 31 is denied.

32.     Paragraph 32 is admitted.

33.     Regarding paragraph 33, Koch denies that plaintiffs have never been paid any

damages by Koch Pipeline but admits it with regard to the instant dispute; Koch admits that

neither Rachel Canales, Judge Canales, Hector Lopez nor Gloria Lopez has been paid by Koch

for anything in connection with the subject matter of this lawsuit.

**D.  Koch Pipeline Company L.P. Hired AFC...**

34.     Koch denies paragraph 34.

---

**Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 6**
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Disms-Amd-Ans wpd

35.     Koch admits on information and belief that Yeats owns AFC but has insufficient

knowledge to admit or deny the allegations regarding his specific responsibilities and therefore

Koch denies same.

36.     Koch denies paragraph 36.

37.     Koch denies paragraph 37.

38.     Koch denies paragraph 38.

39.     Koch denies paragraph 39.

## CAUSES OF ACTION

### A. Claims against Hector and Gloria Lopez

40.     Koch incorporates its responses to the foregoing paragraphs by reference.

41.     Koch has insufficient knowledge of the exact nature of the relationship between

Hector Lopez and Rachel Canales to admit or deny these allegations, which are also too vague to

permit a response other than to deny same.

42.     Koch denies paragraph 42 and its subparts.

### First Cause of Action: Waste

43.     Koch incorporates its answers to the foregoing paragraphs by reference.

44.     Koch denies paragraph 44.

### Second Cause of Action: Conversion

45.     Koch incorporates its answers to the foregoing by reference.

46.     Koch denies paragraph 46.

### Third Cause of Action....

47.     Koch incorporates by reference the foregoing paragraphs.

48.     Koch denies paragraph 48.

### Fourth Cause of Action

49.     Koch incorporates its specific responses by reference.

50.     Koch admits there is a controversy between the property owners and Koch; Koch denies that there is a "justifiable" or justiciable controversy between Lopez and the Canales'.

51.     Regarding paragraph 51, Koch denies the factual basis of the relief sought; Koch further says there is no justiciable controversy and that the subject matter in question is moot.

### Fifth Cause of Action

52.     Koch incorporates by reference its previous responses.

53.     Koch denies paragraph 53.

### Sixth Cause of Action: Fraud

54.     Koch incorporates its previous responses by reference.

55.     Koch denies paragraph 55.

56.     Koch does not know all of the Lopez communications with Judge Canales and Rachel Canales and therefore cannot admit or deny these allegations and must therefore deny same.  Moreover, paragraphs 55, 56 and 57 are too vague and violate Rule 9(b), Federal Rules of Civil Procedure.

57.     Koch denies paragraph 57.

### B. Claims Against Koch, KPG and Koch Pipeline

58.     Koch incorporates its prevous responses by reference.

Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 8
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Dsms-Amd-Ans wpd

59.     Koch denies paragraph 59.

## Second Cause of Action: Negligence

60.     Koch incorporates its previous responses.

61.     Koch denies paragraph 61.

62.     Koch denies paragraph 62.

63.     Koch denies paragraph 63.

## C.  Claims Against AFC and Yeats

### First Cause of Action: Trespass

64.     Koch incorporates its previous responses by reference.

65.     Koch denies paragraph 65.

66.     Koch denies paragraph 66.

### Second Cause of Action: Negligence

67.     Koch incorporates its previous responses by reference.

68.     Koch denies paragraph 68.

69.     Koch denies paragraph 69.

70.     Koch denies paragraph 70.

### Third Cause of Action: Breach of Contract

71.     Koch incorporates its previous responses by reference.

72.     Koch admits AFC [not Yeats] and Koch had a contract to do the work.

73.     Koch denies paragraph 73.

74.     Koch denies paragraph 74.

**Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 9**
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Disms-Amd-Ans wpd

75.     Koch denies that the Defendants caused and are liable to Plaintiffs for any relief whatsoever.

## II.

## AFFIRMATIVE DEFENSES

1.      The Complaint fails to state a claim in part (i.e., against Hector and Gloria Lopez).

2.      The Complaint should be dismissed altogether as Plaintiffs filed it without leave of Court in violation of Rule 15(a), Federal Rules of Civil Procedure.

3.      Plaintiffs' claims are time-barred by the applicable statute of limitations and the equitable doctrine of laches.

4.      Fraudulent Joinder: The "claims against Hector and Gloria Lopez, Allen Yeats, and AFC are joined solely to defeat diversity and should be dismissed.

## III.

## KOCH'S DECLARATORY JUDGMENT COUNTERCLAIM

1.      Koch is a party Defendant.

2.      All who have a claim or interest that would be affected by the Declaratory Judgment sought are before this Court; namely, Koch on the one hand, and those who claim an ownership interest in the property on the other hand; to-wit: Rachel Canales, Terry Canales, Hector Lopez and Gloria Lopez.

3.      This Court has jurisdiction pursuant to 28 U.S.C. 1332 (complete diversity of citizenship) and Federal Rule of Civil Procedure 57.

---

4.      A Declaratory Judgment is necessary because Rachel Canales and Terry Canales (and apparently Hector and Gloria Lopez) complain that Koch trespassed on and continues to trespass on the property owned by the Canales' and the Lopez's; Koch maintains it has a valid easement and has not trespassed.

5.      An actual justiciable controversy has arisen and now exists between the parties regarding their legal rights and duties under the easement, for which Koch seeks a declaration of rights.

6.      Venue and jurisdiction are proper in this Court, as there is complete diversity of citizenship between Defendants (Koch) on one hand and the property owners (Rachel Canales and Hector Lopez) on the other.  The amount in controversy far exceeds $75,000.00, exclusive of interest and costs.

### RELIEF REQUESTED

WHEREFORE, defendant Koch prays for a Declaratory Judgment against Rachel Canales, Terry Canales, Hector Lopez and Gloria Lopez as follows:

1.      that the Court declare the respective rights and duties of Counter-Plaintiff (Koch) and Counter-Defendants (the Canales' and the Lopezes) as to the validity of the easement;

2.      that Koch be granted costs, expenses and reasonable and necessary attorneys' fees; and

3.      for all other relief to which Koch is entitled.

---

WHEREFORE, having fully answered, Koch seeks judgment against Plaintiffs in Koch's favor for all alleged causes of action and for its costs, attorneys' fees, and all other relief to which Koch is entitled.

Respectfully submitted,

Travis A. Pearson
KOCH INDUSTRIES, INC.
P.O. Box 2256
Wichita, KS 67201
Telephone: (316) 828-8594
FAX: (316) 828-4780

and

Gene R. Ward
State Bar No. 20841500
Federal I.D. No. 7645
Lynette M. Frederick
State Bar No. 12909300
Federal I.D. No. 15439
HORNBLOWER, MANNING & WARD
Professional Corporation
P.O. Box 2728
Corpus Christi, TX 78403-2728
Telephone: (361) 888-8041
FAX: (361) 888-8222

By _Gene Ward for Travis Pearson_
ATTORNEYS FOR DEFENDANTS, KOCH
PIPELINE COMPANY, L.P., KOCH
PETROLEUM GROUP, L.P. AND KOCH
GATHERING SYSTEMS, INC.

Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 12
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Disms-Amd-Ans wpd

## CERTIFICATE OF SERVICE

I certify that on March **14**, 2000, a complete and correct copy of **Koch Pipeline Company, L.P., Koch Petroleum Group, and Koch Gathering Systems, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint and First Amended Answer** was served on each party by delivery to the following in the manner indicated below:

**VIA CM/RRR # Z 199 596 753**
Mr. Christopher A. Bandas
The Wyatt Law Firm, P.C.
4825 Everhart Road
Corpus Christi, TX 78411

**VIA CM/RRR # Z 199 596 754**
Mr. John C. Lemon
Lemon & Gonzalez-Lemon, L.L.P.
520 East Second Street
Alice, TX 78332-4810

**VIA CM/RRR # Z 199 596 755**
Mr. David Walsh
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, TX 78404

**VIA CM/RRR # Z 199 596 756**
Mr. Ronald A. Simank
Schauer, Simank & Ledbetter, P.C.
615 N. Upper Broadway, Suite 2000
MSC 159
Corpus Christi, TX   78477

_Gene Ward_

Gene R. Ward

Koch Pipeline Company, L.P , Koch Petroleum Group, and Koch Gathering Systems,
Inc.'s Opposition to Plaintiff's Motion to Dismiss Plaintiffs' First Amended Complaint
and First Amended Answer - Page 13
H \office\wpwin\wpdocs\TRIAL\KOCH\Canales-#3\Pldgs\M2Disms-Amd-Ans wpd

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY A. CANALES AND | § | |
| RACHEL E. CANALES | § | |
| | § | |
| VS. | § | C.A. NO. C-00-012 |
| | § | |
| KOCH PIPELINE COMPANY, L.P., KOCH | § | |
| PETROLEUM GROUP, KOCH GATHERING | § | |
| SYSTEMS, INC., AFC LEASE SERVICE, | § | |
| INC., ALLEN YEATS, HECTOR S. LOPEZ | § | Removed from the 229th District Court |
| AND GLORIA LOPEZ | § | of Duval County, Texas |

## ORDER

On this day, the Court considered Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint. After considering the Motion, the responses and all relevant matters necessary to rule on the Motion, the Court finds as follows:

1.      The Amended Complaint in its entirety **IS/IS NOT** dismissed without prejudice.

2.      Plaintiffs claims against the following are dismissed without prejudice:

      a.      Gloria Lopez       _____

      b.      Hector Lopez       _____

      c.      Alley Yeats       _____

      d.      AFC Lease Service, Inc.       _____

3.      Plaintiff's fraud claims **ARE/ARE NOT** dismissed without prejudice.

SIGNED on _____, 2000.

_____
**UNITED STATES DISTRICT JUDGE**

-1-