United States District Court
Southern District of Texas
FILED

MAR 1 5 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TERRY A. CANALES, AND<br>RACHEL E. CANALES | § | CIVIL ACTION NO. C-00-012 |
| | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | |
| KOCH PIPELINE COMPANY, L.P., | § | |
| KOCH PETROLEUM GROUP, KOCH | § | |
| GATHERING SYSTEMS, INC., AFC | § | |
| LEASE SERVICE, INC., ALLEN YEATS, | § | |
| HECTOR S. LOPEZ, AND GLORIA | § | |
| LOPEZ | § | |
| | § | |
| Defendants | § | |

**PLAINTIFFS' RESPONSE TO AFC DEFENDANTS' OBJECTIONS
TO PLAINTIFFS' MOTION TO REMAND**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE HAYDEN W. HEAD, JR.:

COMES NOW RACHEL CANALES AND TERRY A. CANALES, Plaintiffs in the

above-numbered and styled causes, and files this their response to AFC defendants' objections to

plaintiffs' motion to remand. In support hereof Plaintiffs would respectfully show the following:

**I.**

**PRELIMINARY STATEMENT**

1.     The AFC Defendants' objections to Plaintiffs' motion to remand should be

overruled on two grounds. First, their legal analysis is wrong. Whether Plaintiffs' claims are

barred by limitations is a question of fact for the jury. Second, AFC has misrepresented the

factual basis of their argument. These defendants have deliberately included false statements in

their pleadings.

η.

## II.

## EVIDENCE IN SUPPORT OF RESPONSE AND MOTION FOR SANCTIONS

2.      Plaintiffs' response to thee AFC Defendants' objections to Plaintiffs' motion to remand is supported by the following documents and evidence:

a.      Affidavit of Eduardo "Wayo" P. Canales dated March 13, 2000, a true and correct copy of which is attached hereto as Exhibit 1 ("Wayo Canales Aff.");

a.      Affidavit of Rachel E. Canales dated March 15, 2000, a true and correct copy of which is attached hereto as Exhibit 2 ("Rachel Canales Aff.");

b.      Affidavit of Terry A. Canales dated March 15, 2000, a true and correct copy of which is attached hereto as Exhibit 3 ("Terry Canales Aff.");

c.      Contract dated April 30, 1997 by and between AFC Lease Service, Inc. and Koch Pipeline Company, L.P., a true and correct copy of which is attached hereto as Exhibit 4 ("AFC Contract");

d.      Inspectors Daily Work Reports for the Government Wells 8 Inch Pipeline Project from Government Wells Station to Benevides Station produced by Koch Defendants, true and correct copies of which are attached hereto as Exhibit 5 ("Koch Work Reports"); and

e.      Deposition of Thomas J. DeDonder dated February 4, 2000, true and correct copies of selected pages of which are attached hereto as Exhibit 6 ("DeDonder Depo.").

## III.

## RELEVANT PROCEDURAL FACTS

A.      **The AFC Defendants Have Made False Statement to this Court.**

3.      In their Objections to Plaintiffs' Motion to Remand and Objections to Plaintiffs' Motion to Consolidate, Defendants AFC Lease Service, Inc. and Allen Yeats state that "[t]he Canales defendants [sic] knew of the work performed by Allen Yeats and AFC Lease Service, Inc. based upon the contact with the Canales' son, Mr. Y.O. [sic] Canales, who was another contractor on the same project working with the AFC Lease Service people."

2

4.      This statement is completely false. Plaintiffs' son, Wayo Canales, never worked on the project, much less with "AFC people." (Wayo Canales Aff., Ex. 1). To be sure, Wayo Canales has had very limited involvement in any projects with AFC, and in those two instances where he has worked on the same project with AFC, the property made the subject matter of this lawsuit was totally unrelated and unaffected (*Id*.). In short, AFC's statements are deliberate misrepresentations of fact.

**B.      Procedural History.**

5.      The pipeline construction project undertaken by the Koch Defendants and the AFC Defendants made the basis of this lawsuit was completed pursuant to a contract between these Defendants dated April 30, 1999 (*see* AFC Contract, Ex. 4). Work on the pipeline project itself continued through at least June 18, 1997 (Koch Work Report, Ex. 4—Bates No. K00915), with additional dirt, fence and gate work presumably continuing shortly thereafter.

6.      Plaintiffs Terry A. Canales and Rachel E. Canales filed Cause No. DC-99-465; *Terry A. Canales and Rachel E. Canales v. Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc., AFC Lease Service, Inc., Allen Yeats, Hectors S. Lopez, and Gloria Lopez*; In the 229th Judicial District Court, Duval County, Texas on or about December 9, 1999 (the "Second State Court Lawsuit").

7.      Defendants Koch Pipeline Company, L.P., Koch Petroleum Group, L.P., Koch Gathering Systems, Inc. removed this lawsuit on or about January 11, 2000.

## IV.

## ARGUMENTS AND AUTHORITIES

**A.      Whether Plaintiffs' Claims Are Barred by Limitations is a Fact Question for the Jury.**

**(1)** **The AFC Defendants Have the Burden of Proving Limitations as an Absolute Defense.**

8.      Although the AFC Defendants have only filed conclusory pleadings with no supporting evidence, the appear to raise "fraudulent" joinder as a basis for disregarding their presence for purposes of determining whether removal jurisdiction exists.

9.      The Fifth Circuit has held that a non-diverse party named in the lawsuit may be disregarded if the federal court determines that the party's joinder is a "sham" or "fraudulent" so that no possible cause of action has been stated against that party. *Farias v. Bexar County Bd. of Trustees*, 925 F.2d 866, 971 (5th Cir. 1991).

10.     The issue here is not whether joinder was made for purposes of defeating diversity and preventing removal; rather, the issue is simply whether there is "any possibility" that the plaintiff will be able to establish liability against the party in question. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992).

11.     In determining whether there is a possibility of recovery, <u>courts cannot resolve factual disputes upon which liability depends</u>. *Bedford v. Connecticut Mut. Life Ins. Co.*, 916 F. Supp. 1211, 1215-1216 (M.D. Al. 1996).

12.     The removing defendant has the burden of alleging and proving the nondiverse party's joinder is a "sham" or "fraudulent." *Jernigan v. Ashland Oil Co.*, 989 F.2d 812m 815-816 (5th Cir. 1993). "<u>The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is *absolutely no possibility* that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts</u>." *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)(emphasis added).

13.     Moreover, whether joinder of the in-state defendant is "sham" or "fraudulent" must be capable of summary determination. *Id.* at 204. "<u>District courts must not 'pre-try' substantive factual issues in order to answer the threshold question of whether the joinder of an in-state defendant is fraudulent. . . The only issue the Court should address is its own jurisdiction.</u>" *Id.*

14.     Finally, there is a presumption against fraudulent joinder and in making this determination, <u>the Court should resolve "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.</u>" *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)(holding that even "tenuous proposition" under state law sufficient since its "modicum of sturdiness" passed "possibility of recovery" test). The AFC Defendants have failed to carry this heavy burden.

**(2)     Plaintiffs' Contract Claim Is Not Barred by Limitations.**

15.     Plaintiffs have asserted a claim for breach of contract under the AFC Contract, which is governed by a four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.004.

16.     To establish a claim as third-party beneficiaries, plaintiffs must demonstrate that: (1) they are not privy to the contract; (2) the contract was actually made for their benefit; and (3) the contracting parties intended the third party to benefit by it. *Hellenic Inv., Inc. v. Kroger Co.*, 766 S.W.2d 861, 864-65 (Tex. App.—Houston [1st Dist.] 1989, no writ). Once the claimant demonstrates the foregoing, the burden shifts to the defendant to establish any defenses that would limit or preclude recovery by the third-party beneficiary. *Id.*

17.     Plaintiffs contend in this case that they are intended beneficiaries of the AFC Contract. Normally, whether a third party is an intended beneficiary is a question of fact for the

5

jury. *Fidelity Sav. & Loan Ass'n v. Morrison & Miller, Inc.*, 764 S.W.2d 385, 387 (Tex. App.—Beaumont 1989, no writ). However, in this case, <u>the Koch Defendants themselves agree that Plaintiffs were intended beneficiaries of the AFC Contract</u>.

18.     Thomas J. DeDonder, who appeared as Koch Pipeline Company, L.P.'s Rule 30(b)(6) corporate representative<u>, testified under oath that Plaintiffs, as landowners, were the intended beneficiaries of Koch Pipeline's contract with AFC Lease Services, Inc.</u> (DeDonder Depo. at 100, Ex. 5).

19.     What is more, the AFC Contract itself speaks to remediation and processes that are intended to protect the land adjoining the pipeline project (AFC Contract, Ex. 4). The AFC Contract demonstrates that the agreement was intended to specifically benefit Plaintiffs and to protect their property rights.

20.     To be sure, Defendants AFC Lease Service, Inc. and Allen Yeats, who filed their objections to Plaintiffs' motion to remand after Plaintiffs filed their amended complaint adding a claim for breach of contract as intended beneficiaries, have not challenged or in any way disputed Plaintiffs' status as intended beneficiaries. Accordingly, this Court should overrule any objections by these defendants that Plaintiffs' cause of action for breach of contract is barred by limitations.

**(3)     Plaintiffs' Tort Claims Raise Questions of Fact on Limitations and Cannot be Summarily Determined for Purpose of Removal Jurisdiction.**

21.     Without citation to any legal authority, discussion of underlying facts, or presentation of evidence, Defendants AFC Lease Service, Inc. and Allen Yeats make the conclusory statement that Plaintiffs' tort claims are barred by limitations. This simplistic analysis ignores the facts or this case and substantive law.

22.     Plaintiffs' tort causes of action against the AFC Defendants include claims for trespass and negligence. Specifically, Plaintiffs assert trespass and negligence as causes of action based on: (1) trespass; (2) continuing trespass; (3) damage to the surface; and (4) environmental contamination below the surface. Each element of damage must be considered independently for purposes of limitations.

(a)     The "Discovery Rule" Applies to Limitations in this Case.

23.     One exception to the general rule for determining when a cause of action accrues is the "discovery rule." *See S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). The discovery rule tolls the statute until the plaintiff has knowledge of facts, which through reasonable diligence, would lead to the discovery of the injury, rather than discovery of the full extent of the damages. *See Cornerstone Mun. Util. Dist. v. Monsanto*, 889 S.W.2d 570, 576 (Tex.App.--Houston [14th Dist.] 1994, writ denied); *Bayou Bend Towers Council of Co Owners v. Manhattan Constr. Co.*, 866 S.W.2d 740, 744 (Tex.App.-- Houston [14th Dist.] 1993, writ denied).

24.     For the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable. *See HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). With regard to the "inherently undiscoverable" element, accrual of the cause of action is delayed when the wrong and injury were unknown to the plaintiff because of the very nature and not because of the fault of the plaintiff. *See S.V.*, 933 S.W.2d at 7. An injury is inherently undiscoverable if it is by nature unlikely to be discovered within the prescribed limitations period despite due diligence. *See id.*

25.     Texas courts have applied the discovery rule in actions seeking recovery for damage to land. *See Bayouth v. Lion Oil Co.*, 671 S.W.2d 867, 868 (Tex.1984); *Hues v. Warren Petroleum Co.,* 814 S.W.2d 526, 529 (Tex.App.-- Houston [14th Dist.] 1991, writ

7

denied). In addition, whether damage to property should have been discovered with the exercise of reasonable diligence also turns on the nature of the injury (*e.g.*, permanent (static) or temporary (sporadic and changing) damage to property). *Bayouth*, 671 S.W.2d at 868-69. Typically, the nature of the injury is a fact question, which should be determined by the trier of fact. *Id.* (denying summary judgment on defense of limitations for salt water spill on real property because evidence showed that effect of spill changed over time with rainfall and underground hydrology).

26.     When Plaintiffs knew or should have known the following in the exercise of reasonable diligence is clearly a fact issue in this case: (1) the AFC Defendants and/or the Koch Defendants trespassed on their land; (2) these defendants damaged the surface; (3) these defendants polluted their land with asbestos and hydrocarbons; and (4) these defendants created a progressively worsening and ongoing condition.

27.     Plaintiffs' testimony is instructive:

a.      Plaintiffs never knew prior to September 1999 that the pipeline that AFC was hired to remove from Plaintiffs' property was wrapped or coated in asbestos (Judge Canales Aff., Ex. 2; and Rachel Canales Aff., Ex. 3);

b.      Prior to September 1999, neither the Koch Defendants nor the AFC Defendants ever disclosed to Plaintiffs that the pipeline removed by AFC contained asbestos (*Id.*);

c.      The first time Plaintiffs learned that the pipeline contained as asbestos was when the Koch Defendants produced the AFC Contract to Judge Canales in September 1999, which addressed asbestos remediation (*Id.*);

d.      Plaintiffs never knew prior to the deposition of Thomas J. DeDonder on February 4, 2000 that the pipeline removed from their property leaked petroleum hydrocarbons (*Id.*); and

e.      Prior to February 4, 2000, neither the Koch Defendants nor the AFC Defendants ever disclosed that the pipeline removed from their property leaked petroleum hydrocarbons (*Id.*).

28.     Clearly, environmental contamination in the form of asbestos waste and leaking petroleum hydrocarbons beneath the surface are inherently undiscoverable. Their presence is hidden and, as the testimony and documents in this case reveal, its existence was only known to those within the defendant organizations. Accordingly, to the extent that AFC failed to properly remove the pipeline and properly dispose of asbestos or hydrocarbons that leaked into the ground, limitations must run from the time that Plaintiffs actually learned that these contaminants were present and released into their property. At the earliest, limitations for these claims run two years from September 1997.

**(b)     Continuing Tort Doctrine Applies to Limitations in this Case.**

29.     A continuing tort involves wrongful conduct inflicted over a period of time that is repeated until desisted, and each day creates a separate cause of action. *Two Pesos, Inc. v. Gulf Inc. Co.*, 901 S.W.2d 495, 500 (Tex. App.—Houston [14th Dist.] 1995, no writ). A cause of action for a continuing tort does not accrue until the defendant's tortious act ceases. *Tectonic Realty Inv. Co. v. CHA Lloyd's of Texas Ins. Co.*, 812 S.W.2d 647, 654 (Tex. App.—Dallas 1991, writ denied).

30.     This doctrine of continuing tort has been squarely applied to cases of environmental pollution. In *Atlas Chemical Indus., Inc. v. Anderson*, 514 S.W.2d 309, 317 (Tex. Civ. App.—Texarkana 1974, no writ), the Texarkana Court of Appeals wrote:

> The old distinction between permanent injury and transient or temporary injury [to land] is abolished and shall not control in determining the running of the two-year statute of limitations. <u>The fallacy of the old rule is that if a private industrial polluter injures a property owner's lands, however slightly for a period of more than two years without the property owner bringing suit, the industry can destroy the property owner's lands with impunity as well as immunity.</u> This impenetrable shield operates if the defendant-polluter can persuade the court that its activities have "permanently" harmed the plaintiff-landowner. Thus, the judicial shield which has allowed polluting industries to contaminate the lands of neighboring property owners with impunity, if such pollution can be traced back more than

9

two years, during which time no lawsuit has been filed against the industrial polluter, is hereby withdrawn. <u>A plaintiff may now bring successive causes of action to remedy a continuing invasion of his property right. Indeed, some cases may require successive suits. Suits may now be brought, at the election of the plaintiff, for what has traditionally heretofore been (1) transient or temporary damages, (2) permanent damages, or (3) both, limited only by the plaintiff's ability to plead and prove the damages sought and the effect of the statute of limitations.</u> Thus, <u>the plaintiff may elect to bring successive causes of action every two years if the damages are continuing and if he can prove additional injuries and damages.</u> However, he may elect to bring one lawsuit for past, present, and future damages, limited only by his ability to plead and prove the damages sought and the effect of the statute of limitations.

(emphasis added).

31.    Evidence in this case indicates that the pipeline removed by AFC Lease Service, Inc. was wrapped in asbestos and contained hydrocarbons, which appear to have contaminated Plaintiffs' property and which, under law, constitutes a continuing tort for which limitations has not run. These are Plaintiffs' allegations. While the Koch defendants have stated that limitations has expired on Plaintiffs' claims against AFC Lease Services, Inc., their argument does not address or prove, as they have the burden to do on removal, that the environmental contamination caused by AFC Lease Services, Inc. is not progressively getting worse and continuing to injure Plaintiffs' property.

## V.

## CONCLUSION

32.    The AFC Defendants contend that they should be disregarded for purposes of determining removal jurisdiction because Plaintiffs' claims against them are barred by limitations. In effect, the AFC Defendants argue fraudulent joinder.

33.    The AFC Defendants' objections to Plaintiffs' motion to remand should be overruled for two reasons: (1) they have falsified and misrepresented facts to this Court; and (2) they have failed to prove "sham" or "fraudulent" joinder.

10

34.     To meet their heavy burden, the AFC Defendants would have had to prove that there was "no possibility" of recovery on any possible factual or legal theory against them. These Defendants did not do that. Rather, their analysis is little more than a conclusion that Plaintiffs' claims are barred by limitations. They have not cited any legal authority or offered any evidence in support of their conclusion.  In effect, they are asking this Court to pretry the merits of this lawsuit without any discovery and by simply referring to their unverified pleadings.

35.     To be sure, the AFC Defendants could not have satisfied their burden in this case because the facts of this case demonstrate that Plaintiffs have several viable claims against AFC. First, Plaintiffs' breach of contract claims are not barred by limitations. Even AFC itself fails to challenge this point. With respect to Plaintiffs' tort claims, those too are brought timely. At minimum, whether Plaintiffs' tort claims are timely is a question of fact for the jury.

36.     In short, AFC has failed to show that Plaintiffs have "no possibility" of recovery on any theory. Because every benefit and inference on legal and factual theories of recovery must be given to the Plaintiffs, this case should be remanded to state court on the grounds that Plaintiffs have plead viable causes of action against the AFC Defendants, who are non-diverse parties.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Terry A. Canales and Rachel E. Canales pray that this Court remand the above-referenced and numbered cause and that this Court grant them whatever additional equitable relief to which they may be entitled.

11

Respectfully submitted,

By: _____

Christopher A. Bandas
State Bar No. 00787637
Southern District Bar No. 17509-
4825 Everhart Road
Corpus Christi, Texas 78411
(361) 857-2727 Telephone
(361) 857-8783 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:
THE WYATT LAW FIRM, P.C.

    Christopher A. Bandas
    State Bar No. 00787637
    Southern District Bar No. 17509
    Paula A. Wyatt
    State Bar No. 10541400
    Southern District Bar No. 19223
    4825 Everhart Road
    Corpus Christi, Texas 78411
    (361) 857-2727 Telephone
    (361) 857-8783 Facsimile

LEMON & GONZALEZ-LEMON, L.L.P.

    John C. Lemon
    State Bar No. 00789449
    Southern District Bar No. 19019
    520 East Second Street
    Alice, Texas 78332
    (361) 664-0011 Telephone
    (361) 664-0013 Facsimile

**ASSOCIATE COUNSEL FOR PLAINTIFFS**

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that on the 15th day of March 2000, a complete and correct copy of the foregoing instrument was served on each party by delivery to the following counsel of record by the method indicate below:

Mr. Travis A. Pearson
Koch Industries, Inc.
P.O. Box 2256
Wichita, Kansas 67201
**VIA FACSIMILE**

COUNSEL FOR DEFENDANT KOCH INDUSTRIES, INC.

Mr. Gene R. Ward
Hornblower, Manning & Ward
P.O. Box 2728
Corpus Christi, Texas 78403-2728
**VIA HAND DELIVERY**

LOCAL COUNSEL FOR DEFENDANT KOCH INDUSTRIES, INC.

Mr. Ronald A. Simank
Schauer, Simank & Ledbetter, P.C.
615 N. Upper Broadway, Suite 2000
MSC 159
Corpus Christi, Texas 78477
**VIA HAND DELIVERY**

COUNSEL FOR DEFENDANT HECTOR S. LOPEZ AND
GLORIA LOPEZ

Mr. David Walsh
Brin & Brin, P.C.
1202 Third Street
Corpus Christi, Texas 78404
**VIA HAND DELIVERY**

COUNSEL FOR DEFENDANT AFC LEASE SERVICE, INC.
AND ALLEN YEATS

Christopher A. Bandas

13